UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ROBERT NAJOR | CIVIL ACTION |
|---|---|
| VERSUS | NO: 13-5000 <br> C/W 16-15412 |
| PLAQUEMINES CLAY CO., LLC, ET AL. | SECTION: "J" (2) |

## ORDER AND REASONS

Before the Court is a *Motion for New Trial or Alternatively for Relief from Judgment* **(Rec. Doc. 84)** filed by Defendant, Huyen T. Nguyen, in her capacity as Trustee of the Nguyen Family Trust. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This litigation derives from a default judgment rendered in this Court on November 9, 2017, against Hai Nguyen ("Judgment Debtor") and the Nguyen Family Trust by and in favor of Robert Najor ("Plaintiff"). **(R. Doc. 80)**.

On April 5, 2013, Plaintiff instituted an action against Judgment Debtor and Plaquemines Clay Co., LLC to recover payment owed on a promissory note[1] dated February 22, 2012. **(R. Doc. 1, at 3)**. This Court entered a default judgment in favor of Plaintiff and against Judgment Debtor and Plaquemines Clay Co., LLC on March 14, 2014. **(R. Doc. 23)**. Thereafter, Plaintiff filed suit against Judgment Debtor and

---

[1] The promissory note was in the amount of $100,000.00, or 12 percent per annum, equaling $12,000.00 from February 22, 2012, plus all sums due under the promissory note. **(R. Doc. 1, at 3)**.

The Trustee of the Nguyen Family Trust ("Trustee"), and the case was consolidated with the action instituted on April 5, 2013. **(*See* R. Doc. 43)**.[2] Plaintiff subsequently filed several motions to extend the time for service of the complaint upon Defendant Trustee, which this Court granted. **(*See* R. Docs. 47-66)**. On March 3, 2017, a summons directed to "The Trustee of the Nguyen Family Trust" was served on Judgment Debtor at 1725 Lakeshore Drive, New Orleans, Louisiana ("the House"). **(R. Doc. 59, at 2)**. Nevertheless, Plaintiff's counsel asserted in a subsequent motion that "…counsel for [Judgment Debtor], has not confirmed the representation of the Nguyen Family Trust or for that matter the name of the Trustee."[3] **(R. Doc. 65-1, at 2)**.

On June 16, 2017, default was entered against Judgment Debtor and Trustee. **(R. Doc. 69)**. This Court held an evidentiary hearing on October 18, 2017. **(R. Doc. 75)**. Plaintiff's counsel submitted a Trial Exhibit containing, among other things, a copy of the purported cash sale of the House to the Nguyen Family Trust. **(R. Doc. 77, at 1)**. The cash sale specifically names Huyen Nguyen as the Trustee of the Nguyen Family Trust and appears to list her mailing address as that of the House where service upon Trustee was executed. **(*See* R. Doc. 77, at 1)**.

On November 9, 2017, this Court entered a judgment ("the Judgment") decreeing that:

---

[2] The original case number was 16-15412.
[3] It is unclear why Plaintiff's counsel needed Judgment Debtor's counsel to confirm the name of the trustee of the Nguyen Family Trust given that the trustee's name is included in the trust extract filed for registry and in the purported cash sale of the House to the Nguyen Family Trust. **(*See* R. Docs. 84-3, at 1 and 77, at 1)**.

1) Plaintiff holds a judgment against Judgment Debtor by virtue of a judgment rendered by this Court on March 14, 2014 **(R. Doc. 80, at 2)**;

2) Plaintiff has a judgment against Judgment Debtor and the Nguyen Family Trust declaring that the immovable property at issue—the House—is actually owned by Judgment Debtor in his individual capacity **(R. Doc. 80, at 2-3)**;

3) The House is liable to Plaintiff for the Judgment Debtor's obligations because the purported cash sale of the House by National Marine Financing Corp. to the Nguyen Family Trust on December 4, 2002, is a voidable transfer on the basis of Judgment Debtor's intent to defraud **(R. Doc. 80, at 3-4)**;

4) The House is liable to Plaintiff for the Judgment Debtor's obligations because the Nguyen Family Trust, Judgment Debtor, and National Marine Financing Corp. are a single business enterprise of Judgment Debtor **(R. Doc. 80, at 4)**;

5) The Nguyen Family Trust and National Marine Financing Corp. are the alter ego of Judgment Debtor, held jointly and severally liable for Judgment Debtor's obligations **(R. Doc. 80, at 4)**;

6) The purported sale of the House is an absolute nullity **(R. Doc. 80, at 4)**;

7) Judgment Debtor is a settlor and *de facto* and *de jure* beneficiary of the Nguyen Family Trust, rendering the Nguyen Family Trust liable to Plaintiff for Judgment Debtor's obligations **(R. Doc. 80, at 4-5)**; and

8) Judgment Debtor continues to own the House, and Plaintiff is authorized to effect, perfect, execute, and enforce any and all of his rights as judgment creditor to satisfy Judgment Debtor's debt **(R. Doc. 80, at 5)**.

On November 15, 2017, Defendant Huyen Nguyen ("Defendant Trustee"), in her capacity as Trustee of the Nguyen Family Trust, filed a motion to enroll counsel of record, asserting that "…she has recently been alerted to the underlying action [and] was not served with process in the underlying action." **(R. Doc. 81)**. On December 7, 2017, Defendant Trustee filed the instant *Motion for New Trial or Alternatively for Relief from Judgment* on the basis that service was not properly executed upon Defendant Trustee. **(R. Doc. 84)**.

## **PARTIES' ARGUMENTS**

Defendant Trustee argues that this Court's judgment dated November 9, 2017 ("the Judgment"), should be vacated and a new trial granted due to lack of service of process or any other notice upon "the Trust." **(R. Doc. 84-1, at 2)**. Specifically, Defendant Trustee points to the summons served on Judgment Debtor—a co-defendant—and notes that he is not the Trustee of the Nguyen Family Trust and, therefore, is not a proper party to accept service. **(*See* R. Doc. 84-1, at 3)**. Defendant Trustee alleges that she was unaware of the action against her in her capacity as

Trustee until her brother[4] opened the Judgment that was mailed to the House and addressed to "the Nguyen Family Trust." **(R. Doc. 84-2, at 2)**. She alleges further that she is estranged from Judgment Debtor **(R. Doc. 84-1, at 6)**, she does not reside at the House where the summons was served upon Judgment Debtor **(R. Doc. 84-1, at 7)**, and she would have hired counsel to vigorously contest the instant action had she received proper notice **(R. Doc. 84-1, at 6)**.

Defendant Trustee alleges that a new trial is also warranted because new evidence has been discovered. **(R. Doc. 84-1 at 7)**. Namely, she argues that her affidavit concerning ownership of trust property—the House—and the identity of the Trustee constitutes new evidence that "was likely not available to the Plaintiff at the time of the Default Judgment." **(R. Doc. 84-1, at 7-8)**.[5] Additionally, Defendant Trustee argues that Plaintiff's allegations regarding the actions taken by Judgment Debtor constitute a fraud on the court and qualify as new evidence justifying a new trial.[6] **(R. Doc. 93, at 6)**. Alternatively, Defendant Trustee argues that grounds for relief from a final judgment under Rule 60(b) exist because (1) the default constitutes excusable neglect because Defendant Trustee was not served with the complaint, (2) there is a lack of competent evidence that Defendant Trustee was served, and (3) the totality of the circumstances justify relief. **(See R. Doc. 84-1, at 8-11)**.

---

[4] Defendant Trustee asserts that her brother, Khai, and his wife reside in the House to care for their elderly father, Judgment Debtor. **(R. Doc. 84-2, at 2)**.

[5] Defendant Trustee notes that "[s]urely if this information had been available, the Plaintiff would have properly served Ms. Nguyen personally." **(R. Doc. 84-1, at 8)**.

[6] Plaintiff argues that despite language in the trust demonstrating that the Nguyen Family Trust owns the House, the Judgment Debtor's "repeated admissions of the trust invalidity" underscore that the House "has always belonged to [Judgment Debtor]." **(R. Doc. 89, at 2)**.

Plaintiff advances two arguments in support of his contention that Defendant Trustee should be denied relief. First, Plaintiff argues that Defendant Trustee's "registered domicile for all purposes relating to the [Nguyen Family Trust]" is the House at 1725 Lakeshore Drive because this is the address that is provided in the recorded trust extract and registered with the Orleans Parish Assessor's Office for payment of taxes. **(R. Doc. 89, at 5)**. Accordingly, Plaintiff argues that personal service of the complaint upon Defendant Judgment Debtor was sufficient to satisfy domiciliary service as to Defendant Trustee. **(*See* R. Doc. 89, at 6)**. Plaintiff alleges that "personal or domiciliary service at the domicile of the stated private trust's address in the public record is sufficient." **(R. Doc. 89, at 7)**.

Second, Plaintiff argues that Defendant Trustee was afforded notice that was reasonably calculated to apprise her of the lawsuit in which she was named as a defendant, thereby satisfying due process. **(R. Doc. 89, at 9)**. Specifically, Plaintiff alleges that he "undertook every effort to locate the true trustee of The Nguyen Family Trust." **(R. Doc. 89, at 12)**. After allegedly hiring two private investigators, Plaintiff made personal service of the complaint on Judgment Debtor at the House, noting that "[Judgment Debtor] was served personally and for the Trustee of the Nguyen Family Trust." **(R. Doc. 89, at 12-13)**. Plaintiff states further that he "repeatedly" requested that Judgment Debtor's attorney provide "the proper name of the trustee." **(R. Doc. 89, at 13)**. Plaintiff states that Defendant Trustee "should have changed the address of the trust and trusteeship for all purposes and made herself

more conspicuously available."[7] **(R. Doc. 89, at 16)**. Based on the foregoing, Plaintiff asserts that "the notice required to Ms. Nguyen, as trustee, is constitutionally adequate." **(R. Doc. 89, at 16)**.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(a) provides that "[a] new trial[8] may be granted to all or any of the parties and on all or part of the issues ... in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of a United States." Fed. R. Civ. P. 59(a)(1)(B). A district court has discretion to grant a new trial based on newly discovered evidence. *Johnston v. Lucas et al.*, 786 F.2d 1254, 1257 (5th Cir. 1986). "In deciding whether newly discovered evidence is sufficient to warrant a new trial, however, a court must consider whether the evidence (1) would probably have changed the outcome of the proceeding; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching." *Robertson-Ceco Corp. v. Lab Project Res. Grp., Inc.*, No. CIV.A.03-2393, 2006 WL 2224759, at *1 (E.D. La. 8/2/06).

A Court may also alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). While the Court exercises considerable discretion in deciding such a motion, it "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A motion may be

---

[7] Counsel for Defendant Trustee asserts that the trustee's address on Fontainebleau Drive is ascertainable through a Google search. **(R. Doc. 93, at 2)**.
[8] A motion for a new trial must be filed within 28 days after entry of judgment. Fed. R. Civ. P. 59(b).

granted only "if the movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously." *Robertson-Ceco Corp. v. Lab Project Res. Grp., Inc.*, No. CIV.A.03-2393, 2006 WL 2224759, at *1 (E.D. La. 8/2/06). Rule 59(e) motions cannot be used to raise new arguments "which could, and should, have been made before the judgment issued" or to assert new legal theories. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

"Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment on the basis of newly discovered evidence, evidence of misconduct on the part of an adverse party, or any other reason justifying relief from the operation of the judgment." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 770 (5th Cir. 1995) (internal citations omitted). A court may also set aside a judgment for fraud, misrepresentation, or the misconduct of an opposing party. Fed. R. Civ. P. 60(b)(3). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

## **DISCUSSION**

The central issue before the Court is whether Plaintiff's service of the complaint upon Defendant Judgment Debtor at the House satisfies the requirements of due process with respect to Defendant Trustee.

## I. Service of Process Upon Trustee Defendant

"The service of process is a step essential to the exercise of jurisdiction by a court." *Thompson v. Gallien*, 127 F.2d 664, 665 (5th Cir. 1942). Federal Rule of Civil Procedure 4(e) provides that an individual who is a major and is not incompetent may be served in accordance with federal law or the law of the state where the district court is located or service is being made. Fed. R. Civ. P. 4(e)(1). Under the federal rules, service may be made by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4.

In Louisiana, service of citation or other process may be either personal or domiciliary. La. Code Civ. Proc. Ann. art. 1231. "Personal service is made when a proper officer tenders the citation or other process to the person to be served." La. Code Civ. Proc. Ann. art. 1232.[9] "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." La. Code Civ. P. art. 1234. A natural person's domicile is "the place of his habitual residence." La. Civ. Code art. 38.

---

[9] It may be made anywhere a proper officer "may lawfully go to reach the person to be served." La. Code Civ. Proc. Ann. art. 1233.

Louisiana jurisprudence makes clear that domicile requires residence (physical presence) and an intent to remain. *Landiak v. Richmond*, 899 So. 2d 535, 542 (La. 3/24/05). A person retains her former domicile until she acquires a new one. *In re Kennedy*, 357 So. 2d 905, 909 (La. Ct. App. 1978). A party seeking to show that her domicile has changed "must overcome the legal presumption that it has not been changed, by positive and satisfactory proof of the establishment of a new domicile as a matter of fact with the intention of remaining and of abandoning the former domicile." *Sheets v. Sheets*, 612 So. 2d 842, 844 (La. Ct. App. 1992). In analyzing intent, courts consider evidence such as voter registration, homestead exemptions, vehicle registration records, driver's license address, statements in notarial acts, and where a person's property is housed. *Landiak*, 899 So. 2d at 543-44.

Both parties acknowledge that Louisiana law provides little guidance regarding service on trustees. **(*See* R. Docs. 93, at 2 and 89, at 7)**. The Louisiana Trust Code stipulates that "[a] trustee who accepts a trust established pursuant to this Code submits to the jurisdiction of the courts of this state." La. Stat. Ann. § 9:1784. However, it does not specify whether service upon a trustee may be satisfied by any method other than personal or domiciliary service as specified in the Louisiana Code of Civil Procedure. Nevertheless, the Supreme Court of Louisiana has indicated that the definition of domicile for purposes of an individual sued in her individual capacity is identical to that of an individual sued in her capacity as a trustee. *See Spinosa v. Spinosa*, 934 So.2d 35, 48 (La. 7/6/06). In *Spinosa*, the Supreme Court noted that the "[p]roper court in the case of an inter vivos trust means the district

court of the parish designated by the settlor, or if no designation is made, the district court of the parish of the trustee's domicile when only one trustee is named." *Id.* (internal citations omitted). However, the Court declined to consider whether the trustee's domicile in that case was in St. Tammany Parish as the Trust asserted in its memorandum or in Orleans Parish as the trust instrument seemed to indicate at the time it was executed. *Id.* at 48 n.9. In *Smith v. Smith*, the Fifth Circuit rejected defendants' objection to service of process on a trustee who was served only in her individual capacity and not in her capacity as trustee of the Family Trust. 120 F.3d 265 (5th Cir. 1997). The Fifth Circuit reasoned that the trustee's failure to object to service of process in the court below precluded her from raising the defect on appeal. Id. The trustee in *Smith* was properly served with the original complaint in her individual capacity and had notice of the action against her.

Plaintiff cites a Minnesota case to support his contention that service upon Judgment Debtor at the House was sufficient to constitute service as to Defendant Trustee. **(*See* R. Doc. 89, at 7)**. In *Pederson v. Clarkson Lindley Trust*, the Court of Appeals held that service on a trustee's wife at the trustee's home constituted effective personal service on the defendant trust that "essentially functioned as an individual out of the trustee's home." *Pederson v. Clarkson Lindley Tr.*, 519 N.W.2d 234, 235 (Minn. Ct. App. 1994). The *Pederson* court emphasized that all co-trustees received actual notice of the suit and would suffer no prejudice by the court's ruling, as they still have every available defense in the underlying action. *Id.*

Here, neither party contends that Defendant Trustee was served personally or that Defendant Judgment Debtor was an agent for service of process on behalf of the Nguyen Family Trust. Moreover, Defendant Trustee does not reside in the House where service was made. **(*See* R. Doc. 84-2, at 2)**. Accordingly, the House is not Defendant Trustee's domicile, and service upon Defendant Judgment Debtor at the House where Judgment Debtor resides did not qualify as domiciliary service upon Defendant Trustee. Unlike the trustee in *Smith*, Defendant Trustee was not served in her individual capacity or in her capacity as trustee of the Nguyen Family Trust.[10] **(*See* R. Doc. 84-2, at 2)**. Unlike the trustee in *Pederson*, Defendant Trustee is not domiciled at the House—trust property—where service was effectuated, nor did she receive actual notice of the action against her. **(*See* R. Doc. 84-2, at 2)**.

Based on the foregoing, Plaintiff failed to properly serve Defendant Trustee with the complaint in which Judgment Debtor and the Trustee of the Nguyen Family Trust were named as defendants.

## II.     Motion for a New Trial Pursuant to Rule 59

Defendant Trustee filed this *Motion for New Trial or Alternatively for Relief from Judgment* **(Rec. Doc. 84)** within 28 days after entry of judgment as is required by Federal Rule of Civil Procedure 59. A new trial may be granted "if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course. *Smith*

---

[10] "I was never served with process in the above-captioned matter, waived service, nor was I told that the above-captioned lawsuit had even been filed." **(R. Doc. 84-2, at 2)**.

*v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (internal citations omitted). A district court may also grant a new trial based on newly discovered evidence. *Johnston v. Lucas et al.*, 786 F.2d 1254, 1257 (5th Cir. 1986). Here, Defendant Trustee points to two sources of new evidence: (1) Defendant Trustee's affidavit concerning ownership of trust property (the House) and the identity of the Trustee, and (2) Judgment Debtor's actions constituting a fraud on the court.[11] **(See R. Docs. 84-1, at 7-8 and 93, at 6)**.

A new trial is warranted only if this newly discovered evidence (1) would probably have changed the outcome of the proceeding; (2) could not have been discovered earlier with due diligence; and (3) is not merely cumulative or impeaching." *See Robertson-Ceco Corp. v. Lab Project Res. Grp., Inc.*, No. CIV.A.03-2393, 2006 WL 2224759, at *1 (E.D. La. Aug. 2, 2006). Here, it does not appear that the identity of the Trustee of the Nguyen Family Trust is newly discovered evidence, as it was included in the Trial Exhibit that Plaintiff submitted to this Court following entry of default. **(See R. Doc. 77, at 1)**. However, Defendant Trustee's affidavit concerning ownership of the House at issue likely constitutes new evidence. Specifically, Defendant Trustee asserts that "[Judgment Debtor] does not in any way, shape or form control the NGUYEN FAMILY TRUST, nor does he own the Property." **(R. Doc. 84-2, at 2)**. This directly contradicts the finding in the Judgment that Judgment Debtor is the true owner of the House at 1725 Lakeshore Drive. **(See R.**

---

[11] Plaintiff argues that despite language in the trust demonstrating that the Nguyen Family Trust owns the House, the Judgment Debtor's "repeated admissions of the trust invalidity" underscore that the House "has always belonged to [Judgment Debtor]." **(R. Doc. 89, at 2)**.

**Doc. 80, at 2)**. Based on the foregoing, a new trial should be granted pursuant to Rule 59.

### III. Alternative Motion for Relief from Judgment Pursuant to Rule 60

"Failure to give notice violates 'the most rudimentary demands of due process of law.'" *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965). "When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4)." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). It is "a per se abuse of discretion for a district court to deny a motion to vacate a void judgment." *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998).

Here, there is no evidence in the record that Defendant Trustee was served with the complaint naming the Trustee of the Nguyen Family Trust as a defendant. As discussed above, Plaintiff served Judgment Debtor—a co-defendant—at the House where Judgment Debtor resides. **(R. Doc. 59, at 2)**. However, Judgment Debtor is not the trustee or agent of the Nguyen Family Trust. **(*See* R. Doc. 84-3, at 1)**. Additionally, Defendant Trustee is not domiciled at the House where service was effectuated. **(R. Doc. 84-2, at 2)**. Accordingly, Defendant Trustee was not properly served, and it appears that this court lacks jurisdiction over her.

Relief is also appropriate under Rule 60(b)(1). The Fifth Circuit has held that a court evaluating a request for relief under Rule 60(b)(1) examines three factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Matter of Dierschke*, 975

F.2d 181, 183 (5th Cir. 1992). The defendant must show by a preponderance of the evidence that her neglect was excusable, rather than willful. *Boissier v. Katsur*, No. CV 14-2785, 2016 WL 1268340, at *7 (E.D. La. Mar. 31, 2016), aff'd, 676 F. App'x 260 (5th Cir. 2017), reh'g denied (Mar. 15, 2017). Here, Defendant Trustee has presented an affidavit asserting that (1) she has been estranged from Judgment Debtor and has had no significant contact with him in more than eight years; (2) she was never served with process or waived process in the above-captioned matter; (3) she would have hired counsel to vigorously contest Plaintiff's allegations that Judgment Debtor controls or owns the House had she been served in any way; and (4) she only learned of the default judgment against her when her brother opened the Judgment and notified her. **(***See* **R. Doc. 84-2, at 2)**.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's *Motion for New Trial or Alternatively for Relief from Judgment* **(Rec. Doc. 84)** is **GRANTED**. The Court will schedule a telephone conference to discuss the status of this case.

New Orleans, Louisiana, this 5th day of October, 2018.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE