UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT NAJOR | CIVIL ACTION |
| VERSUS | NO. 13-5000 c/w<br>16-15412 |
| PLAQUEMINES CLAY CO., LLC ET AL. | SECTION "J" (2) |

## ORDER AND REASONS ON MOTION

Plaintiff's Motion for Leave to File an Amended Complaint is before me. Record Doc. No. 117. These are consolidated diversity cases originally brought by plaintiff and judgment creditor Robert Najor against defendant and judgment debtor Hai Nguyen ("Nguyen") and defendant Trustee of the Nguyen Family Trust ("the Trustee"). The more recently filed of the two cases seeks to recover property and damages as a result of Nguyen's transfer of real estate to the Nguyen Family Trust ("the Trust"), all in execution of a judgment in Najor's favor against Nguyen and his company Plaquemines Clay Co., LLC ("Plaquemines Clay") for $350,000, plus interest and costs. Record Doc. No. 23.

Plaintiff's motion seeks to amend his complaint to assert a Louisiana state law oblique action against Nguyen and his company National Marine Financing Corporation ("National Marine"). The Trustee opposes the motion on the ground that plaintiff's right to bring an oblique action has prescribed under Louisiana law and amendment is therefore futile. Record Doc. No. 122 at p. 2. Plaintiff also seeks to assert an attorney's fees claim against all defendants based on fraud. Record Doc. No. 117-1 at pp. 22–23; Record Doc.

No. 123-1 at p. 9. Defendant opposes this claim on the grounds that it would be prejudiced in having to defend against the claim. Record Doc. No. 122 at p. 4.

I.      FACTUAL BACKGROUND

Plaintiff's proposed amended complaint reiterates the facts pled in his initial complaint, specifically, that in December 2002, Nguyen and/or National Marine acting under Nguyen's direction transferred immovable property located at 1725 Lakeshore Drive, New Orleans, Louisiana 70122 ("the Property"), to the Trust for $600,000. Record Doc. No. 117-1 at p. 8. The motion papers suggest that the Property was titled in National Marine's name at the time of the transfer. Record Doc. No. 117-1 at pp. 7–8; see also Record Doc. No. 112-1 at pp. 1–2. The proposed amended complaint alleges that National Marine is the alter ago of Nguyen, and that Nguyen is the sole shareholder of the company. Record Doc. No. 117-1 at p. 8. Plaintiff alleges that this transfer was an absolute simulation[1] because the Trust never paid the $600,000 purchase price and Nguyen has retained corporeal possession of the Property by continuing to live there. Id. at p. 8, 18. Plaintiff further alleges that Nguyen engaged in the simulation for the purpose of "putting the [P]roperty beyond the reach of his creditors" and that Nguyen's failure to demand return of the title of the Property to his name "has caused or increased his current insolvency." Id. at pp. 11–12.

---

[1] "A simulation is absolute when the parties intend that their contract shall produce no effects between them. That simulation, therefore, can have no effects between the parties." La. Civ. Code Ann. art. 2026.

Elsewhere in the record, plaintiff stated that he first learned that the 2002 Property transfer may have been a simulation on May 18, 2016, during an informal conversation with Nguyen following a judgment debtor examination. Record Doc. No. 112-1 at p. 2; Record Doc. No. 112-2 at p. 2. According to plaintiff, "[Nguyen's] statements were the first time that Mr. Najor learned that it was possible that the [Property] had been transferred without consideration and/or without cause as stated in the Act of Sale." Record Doc. No. 112-1 at p. 2 n. 1. Plaintiff's complaint in C.A. No. 16-15412, filed on October 11, 2016, less than five months later, asserted a claim against Nguyen and the Trust to declare the 2002 Property transfer a simulation and absolute nullity, such that plaintiff could execute his rights against as a judgment creditor of Nguyen against the Property.[2] Najor v. Nguyen et al., C.A. 16-15412, Record Doc. No. 1 at p. 15. Plaintiff also asserted a revocatory action[3] against the Trust to have the Property transfer set aside and returned to Nguyen's estate to satisfy plaintiff's judgment.[4] Id. at p. 10.

---

[2] "A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed. Absolute nullity may be invoked by any person or may be declared by the court on its own initiative." La. Civ. Code Ann. art. 2030.

[3] "An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency." La. Civ. Code Ann. art. 2036.

[4] "An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency. La. Civ. Code Ann. art. 2036

The present motion seeks to add an oblique action claim as an alternative legal theory of recovery arising from the same underlying facts alleged in plaintiff's original complaint surrounding the alleged simulated sale of the Property.

## II. LEGAL STANDARD

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597–98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

"It is within the district court's discretion to deny a motion to amend if it is futile." Stripling, 234 F.3d at 872–73 (citation omitted). Futility in this context means "that the

amended complaint would fail to state a claim upon which relief could be granted. . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. at 873 (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 F. App'x 366, 367 (5th Cir. 2010). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" In Re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)) (footnote omitted).

An amendment is futile "when leave is sought to add a claim upon which the statute of limitations has run." F.D.I.C. v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994). Nonetheless, an amendment to a complaint will relate back to the filing date of the original complaint if the claim asserted in the amended complaint arises "out of the conduct, transaction, or occurrence set out – or attempted to be set out in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "If a claim asserted in an amended pleading relates back to the date of the original complaint and is thus not barred by limitations, then leave to amend should ordinarily be granted." Conner, 20 F.3d at 1385 The theory behind relation back of amendments is that "once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the

protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading." 6A Fed. Prac. & Proc. Civ. § 1496 (3d ed.). Allowing for augmentation of claims that were asserted before the limitations period has run "does not offend the purpose of a statute of limitations, which is simply to prevent the assertion of stale claims." Conner, 20 F.3d at 1385.

"If a plaintiff attempts to interject entirely different conduct or different transactions or occurrences into a case, then relation back is not allowed." Id. However, "if a plaintiff seeks to correct a technical difficulty, <u>state a new legal theory of relief</u>, or amplify the facts alleged in the prior complaint, then relation back is allowed." Id. at 1386 (emphasis added). If the alteration of claims contained in an amended complaint is "so substantial that it cannot be said that the defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense, then the amendment will not relate back." Id. (quoting 6A Fed. Prac. & Proc. Civ. § 1496 (3d ed.). Conversely, "[a]s long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint, there will be no bar to amendment; <u>even new defendants . . . will be allowed</u>." Kim v. Home Depot U.S.A., Inc., 2008 WL 11417381, at *3 (S.D. Fla. Dec. 11, 2008) (quoting Travelers Ins. Co. v. Brown, 338 F.2d 229, 234 (5th Cir. 1964)) (emphasis added).

III. ANALYSIS

The proposed amendment to plaintiff's complaint is based on the Louisiana Civil Code ("the Civil Code"). "Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). "In diversity cases . . . federal courts apply state statutes of limitations and related state law governing tolling of the limitation period." Hensgens v. Deere & Co., 869 F.2d 879, 880 (5th Cir. 1989) (citing West v. Conrail, 481 U.S. 35, (1987); Walker v. Armco Steel Corp., 446 U.S. 740, 752–53 (1980)). In the instant diversity matter, plaintiff seeks to amend his complaint to bring a substantive claim for an oblique action against Nguyen and National Marine. Defendant argues that plaintiff's right to bring an oblique action is prescribed. Record Doc. No. 122 at p. 1. Thus, this court must apply Louisiana law governing prescription of claims in this matter.

The Civil Code provides for the right of a creditor ("obligee") to bring an oblique action against his debtor ("obligor") under the following scenario:

> If an obligor causes or increases his insolvency by failing to exercise a right, the obligee may exercise it himself, unless the right is strictly personal to the obligor. For that purpose, the obligee must join in the suit his obligor and the third person against whom that right is asserted.

La. Civ. Code Ann. art. 2044. Essentially, "an oblique action arises when a creditor learns of its debtor's failure to assert a right against a third party indebted to the debtor. The creditor then 'steps into the shoes' of the debtor and exercises the debtor's right to seek

repayment of the third party's debt." Colbert v. Brennan, 2012 WL 5955715, at *3 (E.D. La. Nov. 28, 2012).

The prescriptive period applicable to an oblique action is found in Civil Code article 2041. See Nicholson Mgmt. & Consultants, Inc. v. Bergman, (La. App. 4 Cir. 9/25/96), 681 So. 2d 471, 476, writ denied, (La. 1/6/97), 685 So. 2d 126 ("Our careful review of the codal provisions reveals that article 2041 is the specific prescriptive article which governs the prescription of actions brought under Chapter 12, including both oblique and revocatory actions."); see also Jonesfilm v. Hoffman, 2012 WL 4325461, at *9 (E.D. La. Sept. 20, 2012) (applying Nicholson in a diversity case); Colbert, 2012 WL 5955715, at *3 (same). Article 2041 provides the following prescriptive and peremptive[5] periods, with one caveat to the peremptive period in the event of fraud:

> The action of the obligee <u>must be brought within one year from the time he learned or should have learned of the act</u>, or the result of the failure to act,<u> of the obligor that the obligee seeks to annul</u>, but never after three years from the date of that act or result. <u>The three year period provided in this Article shall not apply in cases of fraud.</u>

La. Civ. Code Ann. art. 2041 (emphasis added).

Plaintiff seeks to bring an oblique action claim in an attempt to annul the alleged simulated sale of the Property in 2002 between Nguyen and the Trust, an act that plaintiff argues increased Nguyen's insolvency as plaintiff's judgment debtor. Record Doc. No. 117-

---

[5] "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La. Civ. Code Ann. art. 3458

1 at pp. 21–22. Plaintiff stated that he first acquired knowledge of the possible simulated sale on May 18, 2016. Record Doc. No. 112-1 at p. 2. Plaintiff's complaint, asserting a revocatory action and an action to declare simulation and absolute nullity based on the same alleged simulated sale, was filed on October 11, 2016. Plaintiff's oblique action merely alleges a new legal theory of relief based on the same underlying facts alleged in plaintiff's original complaint. Plaintiff does not attempt to interject entirely different conduct or different transactions or occurrences into this case, and defendants were given adequate notice of the underlying facts giving rise to the oblique action claim when the original complaint was filed. Moreover, because National Marine is alleged to be the alter ego of Nguyen and because Nguyen is its sole shareholder, the company was effectively put on notice of plaintiff's simulation allegations that give rise the oblique action claim when the original complaint was filed in the instant matter. Thus, the addition of National Marine as a defendant is permissible. See Kim, 2008 WL 11417381, at *3.

Applying the doctrine of relation back, the oblique action claim asserted in the amended complaint does not appear prescribed under article 2041. Plaintiff brought his original complaint in C.A. No. 16-15412 on October 11, 2016, within one year of the date he allegedly acquired knowledge of possible simulated sale of the Property on May 18, 2016. Defendant argues in its opposition that plaintiff's oblique action is perempted under article 2041 because he failed to file his action within three years of the 2002 Property transfer. Record Doc. No. 122 at pp. 2–3. However, current article 2041 clearly states that

the three-year peremptive period does not apply in cases of fraud. Plaintiff's proposed amended complaint explicitly alleges that the 2002 Property transfer to the Trust was done "to hinder, delay, <u>and</u> <u>defraud</u>" Nguyen's personal creditors. Record Doc. No. 117-1 at p. 10. Because plaintiff is alleging a claim of fraud, his oblique action against Nguyen does not appear to be perempted by the three-year period provided in the current version of article 2041. Neither party has addressed whether the timing of the amendment resulting in the current version of article 2041 affects the peremption argument,[6] and I will not address it here, finding that the parties' entire dispute concerning prescription and peremption is more appropriately addressed on summary judgment supported by evidence or on other dispositive motion addressing <u>all</u> possible claims of plaintiff, and <u>not</u> in piecemeal fashion as a pleading matter.

Finally, the revocatory action and absolute simulation claims brought in the original complaint that allow plaintiff to utilize the doctrine of relation back were timely. The prescriptive and peremptive periods for a revocatory action fall under article 2041 and thus are identical to the periods applicable to the oblique action. <u>Nicholson</u>, 681 So. 2d at 476. As to the absolute simulation claim, an action for annulment of an absolutely null contract does not prescribe. La. Civ. Code Ann. art. 2032.

---

[6] One court whose decision does not constitute binding precedent has opined that the current version of article 2041, as amended in 2013, should not be applied retroactively. <u>In re Robinson</u>, 541 B.R. 396, 400 (Bankr. E.D. La. 2015). This decision relies on a Louisiana case addressing the 1985 version of article 2041, and not the most recent version. <u>Thomassie v. Savoie</u>, 581 So. 2d 1031, 1034 (La. Ct. App.), <u>writ denied</u>, 589 So. 2d 493 (La. 1991). Because neither side has addressed this issue or cited any case law or legislation regarding the retroactivity – or lack thereof – of article 2041 in its most current version, I will not address it here.

Evaluating the relevant Rule 15(a) factors in this instance weighs in favor of granting leave to amend to add National Marine as a defendant, the oblique action, and the attorney's fees claim. Although a scheduling order has been issued in this matter, the amendment deadline for pleadings is not until March 12, 2019. Record Doc. No. 121 at p. 1. Thus, no undue delay, bad faith or dilatory motive on the part of the plaintiff can be found. Because the new claims arise from the same set of underlying facts, transactions and occurrences as pled in the original complaint in C.A. No. 16-15412, no undue prejudice to defendants will result if plaintiff is granted leave to amend. The trial in this matter is not until October 7, 2019, so defendants have more than enough time to address the new issues raised by this amendment. For the reasons set out above, I cannot conclude on the current record that the amendment is futile on prescription, peremption or any other grounds. In addition, defendant has argued the close connection between this motion and the pending Rule 12(b)(6) motion to dismiss in this matter. Record Doc. No. 100. Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 F. App'x 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). This is that one chance. The motion is therefore granted.

New Orleans, Louisiana, this ___16th___ day of January, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE