# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT NAJOR | CIVIL ACTION |
| VERSUS | No.: 13-5000 c/w 16-15412 |
| PLAQUEMINES CLAY CO., LLC, et al. | SECTION: "J" (1) |

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 146)** filed by Plaintiff, Robert Najor ("Plaintiff), and a *Motion for Partial Summary Judgment* **(Rec. Doc. 154)** filed by Defendant Huyen T. Nyugen, in her capacity as Trustee of the Nguyen Family Trust ("Defendant Trustee") on Count Four of Plaintiff's Amended Complaint (Rec. Doc. 128). Both motions are opposed and supported by various oppositions, replies, and sur-replies. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that both motions should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from a default judgment rendered in this Court on November 9, 2017, against Hai Nguyen ("Judgment Debtor") and the Nguyen Family Trust ("the Trust") by and in favor of Robert Najor ("Plaintiff"). (Rec. Doc. 80).

On April 5, 2013, Plaintiff instituted an action against Judgment Debtor and Plaquemines Clay Co., LLC to recover payment owed on a promissory note[1] dated February 22, 2012. (Rec. Doc. 1, at 3). This Court entered a default judgment in favor of Plaintiff and against Judgment Debtor and Plaquemines Clay Co., LLC on March 14, 2014. (Rec. Doc. 23). Thereafter, Plaintiff filed suit against Judgment Debtor and the Trustee of the Trust, and the case was consolidated with the action instituted on April 5, 2013. (*See* Rec. Doc. 43).[2]

On June 16, 2017, default was entered against Judgment Debtor and Defendant Trustee. (Rec. Doc. 69). This Court held an evidentiary hearing on October 18, 2017. (Rec. Doc. 75). Plaintiff's counsel submitted a Trial Exhibit containing, among other things, a copy of a purported cash sale in 2002 of property located at 1725 Lakeshore Drive in New Orleans, Louisiana ("the Property") from an entity entitled National Marine Financing Corporation ("National") to the Trust. (Rec. Doc. 77, at 1). Judgement Debtor was the President of National. The cash sale specifically names Huyen Nguyen as the Trustee of the Trust and appears to list her mailing address as that of the Property where service upon Defendant Trustee was executed. (*See* Rec. Doc. 77, at 1).

On November 9, 2017, this Court entered a judgment against Judgment Debtor and the Trust. (Rec. Doc. 80). On October 5, 2018, this Court granted Defendant Trustee's motion for a new trial. (*See* Rec. Docs. 84, 94). This Court subsequently

---

[1] The promissory note was in the amount of $100,000.00, or 12 percent per annum, equaling $12,000.00 from February 22, 2012, plus all sums due under the promissory note. (**Rec. Doc. 1, at 3**).
[2] The original case number was 16-15412.

granted Defendant Trustee's *Motion to Alter, Clarify or Amend Judgment* (Rec. Doc. 98), concluding that the Court's October 5, 2018 Order had the effect of granting a new trial on all issues and entirely setting aside the Court's November 9, 2017 Judgment. (Rec. Doc. 139).

Plaintiff then filed an amended complaint on January 16, 2019 stating seven possible claims for relief. Defendant Trustee responded with a Motion to Dismiss Counts One, Four, Six, and Seven of the amended complaint. On April 15, 2019, the Court issued an Order & Reasons granting Defendant Trustee's Motion to Dismiss regarding Counts One, Six, and Seven, but specifically retaining jurisdiction over Plaintiff's Count Four, which alleged the sale of the Property in 2002 to Defendant Trustee was a simulation resulting in an absolute or relative nullity (Rec. Doc. 141).

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or

unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

The parties' posture and arguments have changed substantially since Defendant Trustee's Motion to Dismiss (Rec. Doc. 130). In the interim, Defendant

Trustee produced an authenticated counter letter ("Counter Letter") evidencing that the purported sale of the Property from National to Defendant Trustee was in fact a donation to Defendant Trustee. (Rec. Doc. 146-5). Much of the parties' original dispute over Count Four was whether the 2002 sale was a simulation. With the existence of the counter letter proving the sale was incontrovertibly a simulation, the debate has shifted to the legal ramifications of the Counter Letter. Namely, the parties hotly contest whether the purported donor of the Property was National or Judgment Debtor.

## I. PLAINTIFF'S COUNTER LETTER CLAIMS

A simulated contract is one that does not express the true will of the parties. La. Civ. Code. art. 2025. A simulated contract is relative when the parties intend a different legal effect than the one stated in the contract. La. Civ. Code. art. 2027. Counter letters are commonly used in conjunction with simulated contracts to express the true, as opposed to the simulated, intent of the parties. Randal J. Robert, *Favaloro v. Favaloro: Classification of Rights Associated With Counter-letters as Real or Personal*, 52 La. L. Rev. (1991).

Here, the simulated contract was the 2002 sale of the property from National to Defendant Trustee. The Counter Letter states, in pertinent part, that:

[I]n truth and in fact the said sale of the above described [P]roperty was a *donation from Nguyet Nguyen wife of/and Hai Nguyen to Huyen T. Nguyen* in her capacity as Trustee of the Nguyen Family Trust. *Nguyet Nguyen, wife of/and Hai*

5

*Nguyen hereby transfer the above described property* to the Trustee, Huyen T. Nguyen, who accepts the donation with gratitude." (emphasis added) (Rec. Doc. 146-5).

Thus, the true intent of the parties was to effectuate a donation to Defendant Trustee, not a sale. Under Article 2027, "a simulated sale may be a valid donation if the requirements of form have been met." It is undisputed that the Counter Letter meets the formal requirements of a donation, and therefore is a valid donation as between the parties if the donor had the power and intent to donate. *See* La. Civ. Code. arts. 1541 and 1468.

The true question raised by the Counter Letter is precisely who the donor of the Property is. Although the 2002 Act of Sale is ostensibly a sale of the Property from National to Defendant Trustee, the Counter Letter seems to be a donation from Judgment Debtor and his wife in their personal capacities to Defendant Trustee. Plaintiff has latched on to that language from the Counter Letter, asserting that the Counter Letter is proof that it was Judgment Debtor in his personal capacity, not National, who owned the Property in 2002. (Rec. Doc. 146-1).

As Plaintiff's interest in the property did not attach until 2013, the ownership of the Property in 2002 is irrelevant if the Counter Letter successfully donated the property to Defendant Trustee. Plaintiff argues that although the Counter Letter satisfies all the formal requirements of a donation and thus may be effective between the parties to the Counter Letter, the failure to record the Counter Letter renders it ineffective as to third persons in good faith. *See* La. Civ. Code art. 2028. In other

words, Plaintiff maintains that the Counter Letter replaced the Act of Sale in its entirety, and the Counter Letter does not apply to third persons because it was never recorded. Therefore, as far as third persons are concerned, there was never an effective transfer of property to Defendant Trustee in either the Counter Letter or the Act of Sale.

Nevertheless, the 2002 Act of Sale was recorded, thereby placing in the public records an instrument evidencing Defendant Trustee's ownership interest in the property. Plaintiff's proffered interpretation of the public records doctrine—asking the Court to invalidate a properly recorded ownership interest because it was donated instead of purchased—is strained, to say the least. However, the Court finds it is unnecessary to address this component of Plaintiff's argument at this time because Plaintiff has failed to prove he is entitled to judgment as a matter of law. *See Little*, 37 F.3d 1069.

## II. THE OWNERSHIP OF THE PROPERTY AT THE TIME OF THE COUNTER LETTER IS A GENUINE DISPUTE OF MATERIAL FACT

Plaintiff's motion for summary judgment is premised on the argument that the Counter Letter language describing Judgment Debtor as the donor constitutes adequate summary judgment evidence that Judgment Debtor, not National, was the true owner of the Property in 2002. Plaintiff maintains that the Counter Letter is a contract that must be interpreted by the words within the four corners of the document, and any parol evidence introduced by Defendant Trustee creating a genuine issue of material fact should be excluded. Although never explicitly stated,

Plaintiff is likely referring to Defendant Trustee's affidavit, in which Defendant Trustee states that the language of the Counter Letter referencing Judgment Debtor and his wife in their personal capacities was only inserted due to community property concerns at the insistence of her attorney, and the Counter Letter should be read as evidencing a donation from National to Defendant Trustee (Rec. Doc. 154-4).

The Court need not reach the issue of whether Defendant Trustee's affidavit is valid parol evidence that creates a genuine dispute of material fact as to proper interpretation of the Counter Letter. Rather, the Court finds that the Counter Letter does not constitute evidence that Judgment Debtor owned the Property in his individual capacity, and thus Plaintiff has failed to carry his burden. *See Int'l Shortstop, Inc.*, 939 F.2d 1257.

"Under Louisiana law, a juridical person's personality is distinct from that of its members." *In re Ark-La-Tex Timber Co. Inc.*, 482 F.3d 319, (5th. Cir. 2007) (citing La. Civ. Code Ann. art. 24). This is an elementary legal proposition, but one Plaintiff continually overlooks in his motion. Although Plaintiff has alleged veil-piercing in Counts Two and Three of the amended complaint, neither party has briefed that issue and it is not presently before the Court. (Rec. Doc. 128). Until this Court determines otherwise, National's transactions and property are its own. *See In re Ark-La-Tex Timber Co. Inc*, 482 F.3d 319. The record indicates National, not Judgment Debtor or his wife, was the purchaser and owner of the Property from 1992 through 2002 (Rec. Doc. 154-4 at 20).

Plaintiff reiterates throughout his briefing that the Counter Letter proves Judgment Debtor was the "true owner" of the Property. A counter letter, however, is not a document translative of ownership. The only document in the record indicative of ownership of the Property is the 1992 Act of Sale from Robert Azar to National Marine Financing Corporation. *Id*. In fact, the Counter Letter states the donation is of "the same property acquired by National Marine Financing Corporation.... dated September 22, 1992." *Id*. Plaintiff has provided no evidence as to how or when the property was transferred from National to either Judgment Debtor or his wife. Conversely, Defendant Trustee's affidavit and her brother's affidavit state that at no point did Judgment Debtor or his wife own the Property in their individual capacities, nor are they aware of any "document evidencing any transfer of the Property" to Judgment Debtor or his wife. (Rec. Doc. 154-4 and 154-5). Thus, Plaintiff has not provided the Court with evidence to satisfy his burden. *See Int'l Shortstop, Inc.,* 939 F.2d 1257 (Evidence must "be sufficient to entitle [the movant] to a directed verdict" were it to go uncontroverted at trial).

Plaintiff maintains that any finding by the Court other than one declaring Judgment Debtor to be the true owner of the Property would lead to "absurd results," because only the true owner of property can donate it. *See Succession of Huguet*, 708 So. 2d. 1302, 1305 (La. Ct. App. 1998). Plaintiff's assertion of law is correct, but his conclusions begs the question of who the true owner was. A purported donation by a person does not by operation of law make them the true owner of the property. Rather, it must be proven that the purported donor is the true owner and possesses the power

to dispose of the property. The absurd result would be a finding of ownership solely on the grounds that a person attempted to donate property, even though significant evidence existed showing the property was actually owned by another. Here, significant evidence exists showing that National was the owner at the time of the execution of the Counter Letter, not Judgment Debtor.[3]

The Court passes no comment on the ultimate validity of the Counter Letter and disposition of the Property if National, and not Judgment Debtor, is found to be the true owner of the Property at the time of the Counter Letter. The denial of Plaintiff's summary judgment is limited to solely to Plaintiff's claim that the Counter Letter in and of itself proved Judgment Debtor's personal ownership of the Property.

### III. JUDGMENT DEBTOR MAY HAVE LACKED THE REQUISITE INTENT TO EFFECTUATE A DONATION UNDER LOUISIANA LAW

Defendant Trustee seeks summary judgment on Plaintiff's Count Four Claim, asking the Court to declare the 2002 Counter Letter a valid donation of the Property to the Trust, or in the alternative recognize the Trust's ownership of the Property via acquisitive prescription. (Rec. Doc. 154). The Court finds that a genuine dispute of material fact exists as to the validity of the donation, and therefore summary judgment on either ground must be denied. First, as discussed in Part II *supra*, there is a genuine dispute of material fact regarding the ownership of the Property at the time of the donation, and consequentially who had the power to donate it. *See*

---

[3] The Court is not necessarily adopting Plaintiff's position that the Counter Letter definitively evidences an attempted donation from Judgment Debtor in his personal capacity to Defendant Trustee. The Court is merely finding that even if the donation were to be interpreted that way, Plaintiff's MSJ must still be denied because the donation is not proof Judgment Debtor owned the property.

10

*Succession of Huguet*, 708 So. 2d. 1302. Secondly, there is a genuine issue of material fact regarding whether the donation had the proper donative intent behind it. La. Civ. Code. art. 1468.

Article 1468 states, "a donation *inter vivos* (between living persons) is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it." La. Civ. Code. art. 1468. In *In re Guillot*, 250 B.R. 570, 582 (Bankr. M.D. La. 2000), the bankruptcy court held that it is possible for an otherwise valid donation to be declared an absolute nullity under Article 1468 if the donor does not actually intend to divest himself irrevocably of his ownership. The court in Guillot relied on two Louisiana appellate court decisions that reached the same conclusion. *See Anderson v. Aetna Life & Casualty*, 535 So. 2d. 1070 (La. Ct. App. 2nd Cir. 1988); *see also Succession of Simpson*, 311 So. 2d. 67 (La. Ct. App. 2nd. Cir. 1975).

In all three cases, the donor attempted to donate a residence to family members or a family trust using valid donative form. In each case, however, the donor continued to reside in the residence and "did not cease to enjoy the benefits of ownership after the date of the alleged donation." *Anderson*, 535 So. 2d. 1073. Factors considered by the courts when assessing donative intent include which party used the house, whether the donor paid rent, which party bore the bulk of maintenance costs and which party was listed on homeowners' policies and tax returns. *See In Re Guillot,* 250 B.R. 581; *see also Anderson*, 535 So. 2d. 1073.

Here, it is undisputed that Judgement Debtor still lives at the Property (Rec. Doc. 154-4). Defendant Trustee states in her affidavit that the Nguyen Family Trust bears maintenance costs at the property. *Id.* On the other hand, Defendant Trustee was unable to provide any evidence that Judgment Debtor pays rent for living at the property. Nor was Defendant Trustee able to produce evidence of the Trust's possession of a homeowner's insurance policy for the Property or bank statements proving the Nguyen Family Trust maintained the Property. (Rec. Doc. 177-1). Thus, there is a genuine issue of material fact as to whether there existed actual donative intent to donate the house to Defendant Trustee.

Turning to Defendant Trustee's acquisitive prescription argument, acquisitive prescription in Louisiana requires the intent to possess as owner and corporeal possession of the thing. La. Civ. Code. art. 3424. Possessors may also tack, or add, their possession with their ancestor-in-title to meet the applicable ten- or thirty-year time frame. *See* La. Civ. Code. art. 3442. Defendant Trustee maintains she is entitled to both acquisitive prescription based on her own possession from 2002-2013 as well as by tacking onto National's possession from 1992-2002. (Rec. Doc. 154).

In either case, Defendant Trustee's argument will fail if it is found that the donation was invalid for lack of donative intent. Tacking requires a juridical link between the two possessors. Ronald J. Scalise Jr., *2 La. Civ. L. Treatise*, Property § 12:24 (5th ed.) There would be no juridical link if the donation were null. Similarly, the Trust's exercise of corporeal possession is based on Judgment Debtor residing at the Property on behalf of the Trust. Assuming arguendo that the donation is found

12

null, Judgment Debtor's corporeal possession of the Property would be on his own behalf, not on behalf of Defendant Trustee.[4]

## IV. THE ISSUES RAISED BY THE PARTIES ARE TOO INTERTWINED WITH ISSUES NOT YET BEFORE THE COURT

The Court realizes much of its analysis in Part III, *supra*, was premised on the notion that Judgment Debtor was the donor of the Property of Defendant Trustee, whereas Defendant Trustee ardently maintains the donor was in fact National. Yet there is a possibility, depending on how the Court finds on Count Three, that National could be declared merely an alter ego of Judgment Debtor. Attempting to properly untangle the parties' arguments and submissions without addressing the alter ego question is akin to riding a tricycle with two wheels. It is a doable task, but it is unnecessarily complex, and the risk of error is much higher. Considering how strongly the language of the Counter Letter further implicates the alter ego issue, granting summary judgment on either motion for summary judgment in a vacuum would be inappropriate.

Much of the evidence presented by the parties in support of the motions before the Court will be relevant to the three remaining Counts of the Amended Complaint. The Court further anticipates that the evidence put forth on the three remaining Counts will help clarify some of the genuine issues of material fact raised by the parties' submissions on the present issue. Ultimately, there is simply too much doubt

---

[4] Much like Plaintiff's arguments regarding the Counter Letter, the Court expresses no opinion as to the ultimate merits of Defendant Trustee's acquisitive prescription argument. It is possible that Defendant Trustee could present facts that would entitle her to success on her claim of acquisitive prescription even if the donation were to be found null. Those facts are simply not presently before the Court.

as to material facts, both in terms of issues briefed and not briefed, for either party to meet their summary judgment burden.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's *Motion for Summary Judgment* **(Rec. Doc. 146)** and Defendant Trustee's *Motion for Partial Summary Judgment* **(Rec. Doc. 154)**, both be **DENIED**.

New Orleans, Louisiana, this 15th day of October, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE