UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT NAJOR                                CIVIL ACTION

VERSUS                                      No.: 13-5000
                                            c/w 16-15412
PLAQUEMINES CLAY CO.,                       SECTION: "J" (1)
LLC, et al.

## ORDER & REASONS

Before the Court are three Motions filed by Defendant Huyen T. Nyugen, in her capacity as Trustee of the Nguyen Family Trust ("Defendant Trustee"): *Motion for Partial Summary Judgment as to Plaintiff's Second and Third Causes of Action: Single Business Enterprise and Alter Ego* (Rec. Doc. 207); *Motion for Partial Summary Judgment on Plaintiff's Fourth Claim for Relief: Simulation* (Rec. Doc 209); and *Motion for Summary Judgment on Acquisitive Prescription* (Rec. Doc. 211). All three motions are opposed by Plaintiff Robert Najor. (Rec. Doc. 227). Defendant Trustee submitted a reply (Rec. Doc. 235). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant Trustee's Motions should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from a default judgment rendered in this Court on November 9, 2017, against Hai Nguyen ("Judgment Debtor") and the Nguyen Family Trust ("the Trust") by and in favor of Robert Najor ("Plaintiff"). (Rec. Doc. 80).

1

On April 5, 2013, Plaintiff instituted an action against Judgment Debtor and Plaquemines Clay Co., LLC to recover payment owed on a promissory note[1] dated February 22, 2012. (Rec. Doc. 1, at 3). This Court entered a default judgment in favor of Plaintiff and against Judgment Debtor and Plaquemines Clay Co., LLC on March 14, 2014. (Rec. Doc. 23). Thereafter, Plaintiff filed suit against Judgment Debtor and the Trustee of the Trust, and the case was consolidated with the action instituted on April 5, 2013. (*See* Rec. Doc. 43).[2]

On June 16, 2017, default was entered against Judgment Debtor and Defendant Trustee. (Rec. Doc. 69). This Court held an evidentiary hearing on October 18, 2017. (Rec. Doc. 75). Plaintiff's counsel submitted a Trial Exhibit containing, among other things, a copy of a purported cash sale in 2002 of property located at 1725 Lakeshore Drive in New Orleans, Louisiana ("the Property") from an entity entitled National Marine Financing Corporation ("National") to the Trust. (Rec. Doc. 77, at 1). Judgment Debtor was the President of National. The cash sale specifically names Huyen Nguyen as the Trustee of the Trust and appears to list her mailing address as that of the Property where service upon Defendant Trustee was executed. (*See* Rec. Doc. 77, at 1).

On November 9, 2017, this Court entered a judgment against Judgment Debtor and the Trust. (Rec. Doc. 80). On October 5, 2018, this Court granted Defendant Trustee's motion for a new trial. (*See* Rec. Docs. 84, 94). This Court subsequently

---

[1] The promissory note was in the amount of $100,000.00, or 12 percent per annum, equaling $12,000.00 from February 22, 2012, plus all sums due under the promissory note. (Rec. Doc. 1, at 3).
[2] The original case number was 16-15412.

2

granted Defendant Trustee's *Motion to Alter, Clarify or Amend Judgment* (Rec. Doc. 98), concluding that the Court's October 5, 2018 Order had the effect of granting a new trial on all issues and entirely setting aside the Court's November 9, 2017 Judgment. (Rec. Doc. 138).

Plaintiff filed an amended complaint on January 16, 2019 stating seven possible claims for relief. (Rec. Doc. 128). Defendant Trustee responded with a Motion to Dismiss Counts One, Four, Six, and Seven of the amended complaint. (Rec. Doc. 130). On April 15, 2019, the Court issued an Order & Reasons granting Defendant Trustee's Motion to Dismiss regarding Counts One, Four, Six, and Seven, but specifically retaining jurisdiction over part of Plaintiff's Count Four, which alleged the sale of the Property in 2002 to Defendant Trustee was a simulation (Rec. Doc. 141). Defendant Trustee then produced an authenticated counter letter ("Counter Letter") evidencing that the purported sale of the Property from National to Defendant Trustee was in fact a donation to Defendant Trustee. (Rec. Doc. 146-5).

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."

3

*Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

In cases where motive, intent, and state of mind are at issue, summary judgment is disfavored because much depends on the credibility of the witnesses. *See Croley v. Matson Nav. Co.*, 4343 F. 2d 73, 77 (5th Cir. 1970); *see also Carter v. BRMAP*, 591 So. 2d 1184, 1189 (La. Ct. App. 1 Cir. 1991). However, "the mere incantation of intent or state of mind [does not] operate as a talisman to defeat an otherwise valid [summary judgment] motion," and "[t]he state of mind exception . . . is appropriate only where solid circumstantial evidence exists . . . ." *Carter*, 591 So.

2d at 1190 (*citing Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 711 (2nd Cir. 1991)).

# DISCUSSION

## I. SINGLE BUSINESS ENTERPRISE AND ALTER EGO

### A. SINGLE BUSINESS ENTERPRISE

Single business enterprise is the theory that "when a corporation is so organized and controlled as to make it merely an instrumentality or adjunct of another corporation," the separate corporations' distinct identity may be disregarded. *Green v. Champion Ins.*, 577 So. 2d 249, 257 (La. Ct. App. 1 Cir. 1991). It is "a theory for imposing liability where two or more business entities act as one." *Andretti Sports Marketing La. v. NOLA Motorsports Host Comm. Inc.*, 147 F. Supp. 3d 537, 553 (E.D. La. 2015) (*citing Brown v. ANA Ins. Grp.*, 99 So. 2d 1265 (La. 2008)). As the court held in *Andretti*, single business enterprise theory is for business entities exclusively, and not to be applied to individuals. *Id.*

Here, Defendant Trustee contends that because the single business enterprise theory applies only to business entities and not to individuals, Judgment Debtor cannot be a single business enterprise with either National or the Trust. (Rec. Doc. 207-1, at 6). Defendant Trustee asserts that National is unquestionably a business entity. *Id.* Moreover, the Trust and Judgment Debtor are also not a single business enterprise, Defendant Trustee argues, because a trust is a juridical person like a corporation. *Id.*

5

In opposition, Plaintiff begins by acknowledging the case law that Defendant Trustee relies upon to argue that the single business enterprise doctrine does not apply to individuals. (Rec. Doc. 227, at 43–44). However, Plaintiff asks the Court to take a more nuanced approach to the single business enterprise issue at hand in this case. *Id.* Plaintiff contends that public policy is the source of the jurisprudence regarding the single business enterprise doctrine and its application to individuals. *Id.* at 43. Specifically, Plaintiff cites to *Green v. Champion Insurance Company*, the foundational Louisiana case regarding single business enterprise theory. *Id.* In *Green*, Plaintiff argues, the court found that individuals were not to be made a part of the single business enterprise determination because the individuals' assets were not a part of the fraud scheme at issue. *Id.* (citing to *Green*, 577 So. 2d at 257–58). Moreover, Plaintiff asserts that the court in *Green* reserved civil fines and personal judgments for later litigation against the individuals in their individual capacity. *Id.* Here, Plaintiff avers that Judgment Debtor's individual assets are part of the fraudulent scheme, and, for this reason, Judgment Debtor, National, and the Trust should be considered a single business enterprise. *Id.* The Court is not persuaded that Plaintiff's attempted distinction can overcome the long-held jurisprudence that individuals cannot be a part of a single business enterprise.

Finally, in one last attempt to save his single business enterprise theory, Plaintiff asserts that Judgment Debtor, National, and the Trust are an unincorporated association which thus makes them a single business enterprise. (Rec. Doc. 227, at 44). An unincorporated association is created by a "contract between

6

two or more persons to combine their efforts, resources, knowledge or activities for a purpose other than profit or commercial benefit." *Ermert v. Hartford Ins.*, 559 So. 2d 467, 473 (La. 1990). At a minimum, the persons "must intend to create a separate entity with a juridical personality distinct from its members," *Friendship Hunting Club v. Lejeune*, 999 So. 2d 216, 222 (La. Ct. App. 3 Cir. 2008), and the "common intent of the parties is the controlling factor." *Ermert*, 559 So. 2d at 474. Here, Plaintiff avers that Judgment Debtor, National, and the Trust are an unincorporated association with allusions to the 2002 Act of Sale in which National was the seller and the Trust the buyer (or donor/donee). (Rec. Doc. 227, at 44). However, courts have not found that simply entering into a contract converts persons into an unincorporated association. *Compare Ermert*, 559 So. 2d at 474 (finding no unincorporated association when the persons "never drew up a contract, constitution, by-laws, or any written instrument;" "no oral agreement to create an entity separate from themselves;" "no name given to the group;" "no officers elected or appointed and no formal meetings held"), *with Bogue Lusa Waterworks Dist. v. La. Dept. of Env't Quality*, 897 So. 2d 726, 729 (La. Ct. App. 1 Cir. 2004) (finding unincorporated association when the persons formed articles of incorporation even though only two members and no meetings were held). Therefore, the single transaction between National and the Trust does not create an unincorporated association.

Defendant Trustee seeks summary judgment on Plaintiff's Count Two Claim, asking the Court to declare that National, the Trust, and Judgment Debtor are not a Single Business Enterprise. The Court finds that no genuine issue of material fact

7

exists. Judgment Debtor is an individual and, as such, the Single Business Enterprise Doctrine does not apply.

### B. ALTER EGO

There are two limited circumstances in which a corporation may be found to be the alter ego of the shareholder: (1) fraud or deceit and (2) disregard of the "requisite corporate formalities to the extent that the corporation ceases to be distinguishable from its shareholders." *Riggins v. Dixie Shoring Co.*, 590 So. 2d 1164, 1168 (La. 1991). In analyzing alter ego claims, the court examines a non-exhaustive list of factors under a totality of the circumstances analysis: "(1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings." *Riggins*, 590 So. 2d at 1168–69 (*citing Kingsman Enter. v. Bakerfield Elec. Co.*, 339 So. 2d 1280 (La. Ct. App. 1 Cir. 1976)). Notably, one of the main reasons to permit the piercing of the corporate veil is "to prevent the use of the corporate form in the defrauding of creditors." *Id.* at 1169.

Here, Defendant Trustee asserts that the Trust and Judgment Debtor are not alter egos for the following reasons. (Rec. Doc. 207-1, at 9). First, Defendant Trustee contends that "there is no evidence that [Judgment Debtor] mixed his personal funds with those of the Nguyen Family Trust." *Id.* Second, "there are no outstanding loans between [Judgment Debtor] and the [Trust]." *Id.* Third, Judgment Debtor's children paid [the Property's] expenses and cared for the Property, all without the assistance

8

or involvement of [Judgment Debtor]." *Id.* at 8. And fourth, the "Trust has been properly incorporated in Louisiana and has its own bank accounts." *Id.* at 9. Defendant Trustee does, however, admit that "there were no regular, formal shareholder or director meetings," and that "the [T]rust has not filed tax returns." *Id.*

In opposition, Plaintiff begins by noting that Defendant Trustee only discusses one exception of when a corporation becomes the alter ego of a shareholder: failure to follow corporate formalities. (Rec. Doc. 227, at 41). Plaintiff argues that the fraud or deceit exception applies here, and Defendant Trustee fails to address this exception. *Id.* Plaintiff contends that Judgment Debtor has demonstrated twelve "historic badges of fraud," [3] six of which relate to the Property's transfer from National to the Trust. *Id.* at 37. The Court recognizes the "historic badges of fraud" argument that Plaintiff puts forth. However, on a motion for summary judgment, Plaintiff must present more than conclusory allegations that Judgment Debtor practiced fraud or deceit on Plaintiff. Plaintiff must present competent summary judgment evidence by persons with firsthand knowledge. The main source of alleged fraud here is the donation of the Property. However, the Property was transferred to the Trust in 2002,

---

[3] (i) assets being transferred away from a debtor in exchange for less than fair value (the alleged transfer of the House and the Quitclaim to Midway Cattle),
(ii) leaving a lack of funds to compensate the creditors (the alleged transfer of the House and the transfer of the USACE settlement funds),
(iii) secret transfers (the use of a Quitclaim),
(iv) asset transfers to relatives or insiders (the transfer of the House and the Quitclaim to Midway Cattle and the transfer of the USACE settlement funds),
(v) the continued ownership or possession of the property after its alleged transfer by the debtor (the alleged transfer of the House),
(vi) self-serving representations in transfer documents that the transfer was not intended to defraud creditors or later determined false statements, transfers of substantially all assets of the debtor (the alleged transfer of the House), and
(vii) transfer made while the action was pending against the transferor (the transfer of the House and the transfer of the USACE settlement funds).

9

years before Judgment Debtor knew Plaintiff, let alone knew that he would owe money to Plaintiff.

Plaintiff argues that Defendant Trustee focuses solely on the alter ego of Judgment Debtor and the Trust, and she ignores the alleged alter ego of Judgment Debtor and National. However, in reply, Defendant Trustee contends that the alleged alter ego relationship of Judgment Debtor and National is wholly new; specifically, this theory is not in the Complaint. (Rec. Doc. 235, at 6). The Fifth Circuit has found that a plaintiff "may not defeat summary judgment on the basis of a theory found nowhere in their complaint." *Id.* (*citing Johnson v. Thibodaux City*, 887 F. 3d 726, 736 (5th Cir. 2018). The Third Claim for Relief in the Complaint is entitled "The Nguyen Family Trust is the Alter Ego of the Judgment Debtor Hai Nguyen . . ." (Rec. Doc. 128, at 16). Nowhere is it alleged that Judgment Debtor is the alter ego of National. Moreover, Plaintiff fails to submit any evidence to support this new contention.

Defendant Trustee seeks summary judgment on Plaintiff's Count Three Claim, asking the Court to declare that the Trust is not the alter ego of Judgment Debtor. The Court finds that Plaintiff failed to support his assertions with anything more than conclusory allegations.

## II. SIMULATION AND ACQUISITIVE PRESCRIPTION

Plaintiff's success in proving simulation or disproving Defendant Trustee's acquisitive prescription defense requires Judgment Debtor to be the transferor of the Property. Therefore, the Court's granting of summary judgment as to Count Two:

10

Single Business Enterprise and Count Three: Alter Ego renders moot Plaintiff's Simulation claim and Defendant Trustee's Acquisitive Prescription defense.

After granting Defendant Trustee's instant motions for summary judgment, the Fifth Claim for Relief is the sole claim remaining. This claim for relief is entitled, "Judgment Debtor Hai Nguyen who shall be liable to Mr. Najor for his direct and indirect donation to the Nguyen Family Trust." (Rec. Doc. 128, at 20). Plaintiff seeks a declaration that the transfer of the Property to the Nguyen Family Trust is a donation from Judgment Debtor "which would allow and permit [Plaintiff] to effect, perfect, execute, and enforce any and all of his rights as Judgment Creditor of Judgment Debtor Hai Nguyen against the [Property]." This claim for relief is dependent on a finding of Single Business Enterprise or Alter Ego between Judgment Debtor and National, which this Court has found does not exist. Therefore, Plaintiff's Fifth Claim for Relief is rendered moot as well.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment as to the Second and Third Claim for Relief: Single Business Enterprise and Alter Ego (Rec. Doc. 207) be **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment as to the Fourth Claim for Relief: Simulation (Rec. Doc. 209) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment on Acquisitive Prescription (Rec. Doc. 211) is **DENIED as moot**.

Considering that the Court has now dismissed all claims brought by Plaintiff in this matter, Plaintiff's complaint is **DISMISSED with prejudice**.

New Orleans, Louisiana, this 5th day of November, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE